The judgment of the court of common pleas will therefore be affirmed, with costs, but without penalty.

---

## CONSTITUTIONAL LAW—CONTRACTS—EQUITY.

[Cuyahoga Circuit Court, January Term, 1899.]

Caldwell, Hale and Marvin, JJ.

*STATE EX REL. FANNING V. CUYAHOGA CO. (COMR'S.)

**1. SECTION 4670, REV. STAT., IS UNCONSTITUTIONAL.**

Sections 4670-1 and 4670-2, Rev. Stat., known as the "Pudney Road Law," is unconstitutional and void.

**2. MOTION TO DISSOLVE TEMPORARY INJUNCTION DENIED.**

A motion to dissolve an injunction restraining the county auditor and county treasurer from paying a certain warrant will not be granted when the questions involved are all of sufficient importance to await the final disposition of the case, especially where some of the questions depend upon testimony that may be given on the final hearing to determine whether the injunction shall be permanent.

**3. JURISDICTION TO CORRECT ERRORS IN CONSTRUCTION OF CONTRACT.**

Where an erroneous construction of a public contract is given by an engineer, and classification of the work is made upon an erroneous basis, a court of equity has power to correct such errors in a proceeding to enjoin payment under the contract.

MOTION to dissolve injunction.

*T. H. Kaiser*, county solicitor, for defendant.

HALE, J.

This case was submitted on a motion to dissolve an injunction. The situation is this: The action was commenced to enjoin the county auditor from drawing and the county treasurer from paying a warrant to Miller, as was claimed by him, on the contract for the improvement of "Brecksville Road," so called. The case is not submitted for final determination, and, therefore, we only consider it so far as to determine whether the injunction should remain in force until the case is decided.

It becomes necessary on the final disposition of the case to determine several important questions arising out of the issues in the case.

First. The issue is made that the statute under which this improvement was had (the "Pudney Road Law," so called, Secs. 4670-1 to

---

* For a former decision in this case on other points, see 10 Circ. Dec., 532 (19 R. 627).

4670-2, Rev. Stat.) is unconstitutional and void. There can be but little question that this claim is well founded; the statute is clearly unconstitutional. What its effect is upon this contract we do not now discuss, leaving that for the final hearing.

Second. Section 2834b, Rev. Stat., forbids the making of a contract of this kind by the county commissioners unless the county auditor first certify that the money required for the payment of the obligation incurred is in the treasury to the credit of the fund from which payment is to be made, or that a tax has been levied and is upon the duplicate for collection. It is conceded that this certificate was not filed, and precisely what effect that shall have upon this contract we will not now discuss.

Third. Parties differ as to the proper construction made under which the classification of the work done under this contract was performed, and differ as to whether a correct classification was made. Whether a correct classification was made under the proper construction of this contract can only be determined from the testimony that may be produced on the final hearing.

If it be true that an erroneous construction was given by the engineer, and the classification made upon an erroneous basis, then we think that a court of equity has jurisdiction to correct the error in this kind of a proceeding.

It is claimed that the nature of the work was such that it would have been better to advertise for proposals and let to the lowest bidder.

Now it is claimed that the work should have been let as a whole without this classification and specification, so much for this kind of work and so much for that, leaving a chance for the increase or decrease of either.

These questions are all of sufficient importance to await the final disposition of this case. Some of them depend upon the testimony that may be given on the final hearing, and we have concluded, without going into a discussion of the case, that the injunction, by reason of the claims made, and the probabilities of the outcome of the case, that this injunction should remain until the final hearing, and the motion to dissolve will be overruled.